IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Gadsen, | ) | |
| | ) | Case No. 2:21-cv-903-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Hartford Accident & Indemnity Co., | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant Hartford Accident & Indemnity Co.'s motion to dismiss (Dkt. No. 5). For the reasons set forth below, the Court grants the motion.

## **Background**

Plaintiff worked for ITS Technology and Logistics, LLC as a longshoreman. (Dkt. No. 1-1 ¶ 5). Defendant is the insurance carrier for Plaintiff's employer for "worker's compensation insurance statutorily mandated under the Longshore and Harbor Worker's Compensation Act ["LHWCA"]." (*Id.* ¶ 6). Plaintiff suffered a work-related injury under the LHWCA. (*Id.* ¶ 7). Defendant "acknowledged Plaintiff's entitlement to benefits under the LHWCA". (*Id.* ¶ 8). Defendant allegedly delayed payments to Plaintiff or mailed them to the wrong address. (*Id.* ¶ 12). Defendant reduced Plaintiff's weekly disability compensation beginning February 25, 2020. (*Id.* ¶ 13). Plaintiff appealed and received a favorable recommendation from the U.S. Department of Labor to restore Plaintiff's weekly compensation. (*Id.* ¶ 14). Defendant stopped all further payment to Plaintiff. (*Id.* ¶ 15). Plaintiff's "only mechanism for compelling Defendant" to provide worker's compensation under the LHWCA is to seek an order from an administrative law judge "hearing LHWCA claims." (*Id.* ¶ 18). Hearings before the LHWCA administrative law judge are

1

delayed months. (*Id.* ¶¶ 19, 20, 21). Defendant's failure to make payments under the LHWCA has caused Plaintiff extreme and severe emotion distress. (*Id.* ¶ 25).

Plaintiff brings one cause of action—intentional infliction of emotional distress.

Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. No. 5). Plaintiff opposes. (Dkt. No. 6).

Defendant's motion is fully briefed and ripe for disposition.

## **Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. When presented with a 12(b)(1) motion, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (determination of subject-matter jurisdiction "may be based on the court's review of the evidence"). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807782, at *4 (D.S.C. Apr. 13, 2015) (internal citations omitted). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests

2

the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## Discussion

Defendant argues that Plaintiff's intentional infliction of emotional distress claim is preempted by the LHWCA. 33 U.S.C. §§ 901-950. Defendant argues that insurer liability is determined exclusively through the administrative processes of the LHWCA, *see, e.g.*, §§ 913, 919, 921, and all other liabilities of the insurer are preempted. In support of its argument, Defendant cites decisions, directly on point, from various Circuit Courts of Appeal. Plaintiff, for

its part, does not attempt to distinguish these cases but instead argues that the LHWCA does not apply to insurance carriers or bar claims for intentional torts.

The LHWCA provides a comprehensive scheme to maritime employees to provide workers' compensation coverage. *Brink v. Continental Ins. Co.*, 787 F.3d 1120, 1122 (D.C. Cir. 2015) (noting Congress passed the LHWCA to "strike a balance between the concerns [of the employees] on the one hand, and their employers on the other") (internal quotation marks omitted); *Hall v. C& P Telephone Co.*, 809 F.2d 924, 926 (D.C. Cir. 1987) (noting the LHWCA "provides a *comprehensive* scheme for compensating employees who are injured or killed in the course of employment. In return for the guarantee of a practical and expeditious statutory remedy, employees relinquish their common-law tort remedies against employers for work-related injuries"); *see also Barnard v. Zapata Haynie Corp.*, 975 F.2d 919, 920 (1st Cir. 1992) (intentional infliction of emotional distress claim for failure to pay benefits preempted under LHWCA); *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 810-11 (5th Cir. 1988) (same); *Sample v. Johnson*, 771 F.2d 1335, 1345–47 (9th Cir.1985) (holding state wrongful refusal to pay claim barred by exclusivity and penalty provisions of LHWCA), *cert. denied*, 475 U.S. 1019, 106 S. Ct. 1206, 89 L.Ed.2d 319 (1986). Appellate courts have arrived at this conclusion because of the LHWCA's overall structure and the fact it specifically provides "that employer liability under the statute[] 'shall be exclusive and in place of all other liability.'" *Brink*, 787 F.3d at 1122 (citing 33 U.S.C. § 905(a)); § 905(a) ("The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee . . . ."); *Atkinson*, 838 F.2d at 810 (finding that the LHWCA's exclusivity provision, "coupled with the penalty provision of section 914(e) of the LHWCA," indicates the statute is properly read to bar tort claims based on non-payment of insurance benefits); *Id.* (noting "[o]ther sections of the LHWCA . . . reinforce this conclusion" and

4

describing in detail those sections); § 914(e) ("If any installment of compensation payable without an award is not paid within fourteen days after it becomes due, as provided in subsection (b) of this section, there shall be added to such unpaid installment an amount equal to 10 per centum thereof . . . ."); *see also Barnard*, 975 F.2d at 920 (dismissing plaintiff's claims—based on defendant's allegedly "intentional, willful, and malicious refusal to pay" benefits—and holding that "Barnard's exclusive remedy for defendants' failure to make timely payments, irrespective of defendants' reasons for nonpayment," was the LHWCA). Further, courts have rejected the contention that insurers are not considered "employers" or otherwise entitled to the protection afforded employers under the LHWCA. *Johnson v. American Mutual Liability Ins. Co.,* 559 F.2d 382, 389-90 (5th Cir. 1977) ("A reading of the Act shows that while the Congress did not specifically grant immunity to a compensation insurer from liability as a third person tort feasor, numerous provisions of the Act and the spirit of the Act as a whole, equating the insurer with the employer, negate any intent to hold the insurer liable to suit for damages as a third person."); *Atkinson*, 838 F.2d at 811 (rejecting the argument that insurers should not be treated as employers under the LHWCA and noting that "we have held that the LHWCA impliedly grants the employer's insurance carrier, and the insurance carrier of co-employees, the same immunity which it grants the employer and co-employees. We reached this result in *Johnson* 'in view of the overall purpose and provisions of the Act,' which led us to conclude that the insurance carrier more appropriately fitted in the category of the employer as opposed to that of a 'third person' who may be sued under section 33, 33 U.S.C. § 933. It obviously makes no sense for the employer's agent not to have the immunity which the employer would if carrying out the same actions directly.") (internal citations omitted); *Barnard*, 975 F.2d at 921 (treating insurers as employers when analyzing tort claims, found to be preempted, under the LHWCA).

5

Here, Plaintiff's state tort claim is clearly preempted by the LHWCA. Plaintiff's intentional infliction of emotional distress claim arises from Defendant's alleged refusal to pay workers' compensation benefits under the LHWCA. *See generally* (Dkt. No. 1-1). This claim "necessarily presupposes an obligation to pay LHWCA benefits, and hence necessarily arises out of [his] on-the-job injury." *Atkinson*, 838 F.2d at 811 (rejecting the contention that plaintiff's claim for intentional infliction of emotional distress—premised on insurer's bad faith refusal to pay benefits—was not a "work-place injury" under 33 U.S.C. § 902(2)); § 902(2) ("The term 'injury' means accidental injury or death arising out of and in the course of employment . . . ."); *Barnard*, 975 F.2d at 920-21 (citing *Atkinson* and rejecting a similar argument in light of the LHWCA's overall structure, especially section 14(f) which assesses a penalty against employers who delay making payments as ordered). Accordingly, because Plaintiff's tort claim arises out of an on-the-job injury, it is preempted by the LHWCA and must be dismissed. *See, e.g.*, *Atkinson*, 838 F.2d at 811; *see also Sample*, 771 F.2d at 1346-47 (observing § 902(2) does not preempt intentional torts but adding that "cases involving ordinary refusal to pay," whether intentional or not, *were* preempted as "[t]he temptation to shatter the exclusiveness principle by reaching for the tort weapon whenever there is a delay in payments or a termination of treatment is all too obvious, and awareness of this possibility has undoubtedly been one reason for the reluctance of courts to recognize this tort except in cases of egregious cruelty or venality") (citing 2A Larson *Workmen's Compensation Law* § 68.34(c) (1984)); *see also see also Brown v. General Serv. Admin.,* 425 U.S. 820, 834–35, 96 S. Ct. 1961, 1968–69, 48 L.Ed.2d 402 (1976) ("We have consistently held that a narrowly tailored employee compensation scheme pre-empts the more general tort recovery statutes."). Here, while the circumstances alleged in Plaintiff's complaint are unfortunate, they

6

closely parallel those discussed in many of the above cited cases, none of which found such circumstances indicative of "egregious cruelty or venality."

## Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss (Dkt. No. 5).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

May 5, 2021<br>
Charleston, South Carolina